**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| **THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,** ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| **SPIVEY RENTALS, INC.,** ) | **Civil Action No.: 2:21-cv-00562** |
| **Serve:** ) | |
| **South T. Patterson, Esq.** ) **Patton Wornom, Et Al.** ) **12350 Jefferson Ave., Ste. 300** ) **Newport News, VA 23602** ) | |
| **and** ) | |
| **MICHELLE PAGAN, administrator of the Estate of James Charles Steinhauser, Jr.,** ) | |
| **Serve:** ) **1534 Sword Dancer Dr.** ) **Virginia Beach, VA 23454** ) | |
| **and** ) | |
| **ERICK DUANE KABA,** ) | |
| **Serve:** ) | |
| **Sheriff Joseph Baron** ) **811 E. City Hall Avenue** ) **Norfolk, VA 23510** ) | |
| **Defendants.** ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff The Travelers Indemnity Company of Connecticut ("Travelers"), by counsel, states as follows as its Complaint against Spivey Rentals, Inc. ("Spivey"), Michelle Pagan, and Erick Duane Kaba:

1.     This is an insurance coverage declaratory judgment action in which Plaintiff Travelers seeks a declaration that it does not owe underinsured motorists benefits under a policy of Business Auto Liability insurance it issued to Defendant Spivey. Specifically, Travelers seeks a declaration that it has no coverage obligation under the Uninsured Motorists endorsement to the policy to pay underinsured motorist benefits to the Estate of James Charles Steinhauser, Jr. because, at the time when he was struck and killed by an automobile on March 24, 2020, Steinhauser was not "occupying" any automobile covered under the policy.

### I.     Parties

2.     Plaintiff Travelers is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Connecticut.

3.     Defendant Spivey is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in Virginia.

4.     At the time of his death on or about May 24, 2020, James Charles Steinhauser, Jr. was domiciled in the Commonwealth of Virginia.

5.     Erick Duane Kaba is domiciled in the Commonwealth of Virginia. Mr. Kaba is a nominal party to this action in that he has no control of, impact on, or stake in the controversy.

### II.     Jurisdiction and Venue

6.     This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### III.    Facts

**A.      The Underlying Accident**

9.      On or about March 24, 2020, James Charles Steinhauser, Jr. was struck and killed by an automobile operated by Defendant Kaba near the intersection of West Evans and Granby Streets in the City of Norfolk, Virginia ("the Accident").

10.     At the time of the Accident, Steinhauser was performing work for his employer, Accumark, Inc. Steinhauser was standing on West Evans St. near a hole in the pavement he and a co-worker recently made to locate a water main. The vehicle operated by Kaba descended from the nearby I-64 overpass, fatally striking Steinhauser where he stood.

11.     When he was struck, Steinhauser was standing near a pickup truck owned by Accumark in which he and the co-worker had arrived at the worksite.

12.     Employees of Spivey were also present in the vicinity of the Accident. Two were standing on Evans Street to direct traffic while the third was inside a vehicle owned by Spivey which was parked on Evans Street. Coverage under the Travelers Business Auto Policy covering this vehicle is the subject of this declaratory judgment action.

13.     The presence of the vehicle owned by Spivey on Evans Street did not serve any purpose related to the work being performed by Steinhauser nor did the employment of the vehicle as a vehicle in any way cause or contribute to the Accident.

**B.**  **Litigation Related to the Underlying Accident and Available Insurance**

14.     Upon information and belief, Kaba has personal auto liability insurance with limits of $25,000 per person and $50,000 per accident available to pay as damages to the Estate of James Steinhauser, Jr.

15.     Upon information and belief, Kaba's insurer tendered the $25,000 per person liability limits to the Estate of James Steinhauser.

16.      Defendant Pagan in her capacity as the Administrator of the Estate of James Steinhauser, Jr. filed suit against Kaba in the Circuit Court for the City of Norfolk on August 17, 2020, seeking damages for Steinhauser's death in the Accident (the "Liability Suit"). Pagan has claimed $7 million in general damages and $350,000 in punitive damages.

17.      Pagan has served the following entities with the Complaint in the Liability Suit in their capacity as Uninsured Motorists insurance carriers who may owe benefits to Steinhauser for the Accident: Travelers; Integon General Insurance Corporation; and Federal Insurance Company. Upon information and belief, Pagan has also served the Complaint on a subsidiary of the Progressive Corporation in its capacity as an Uninsured Motorists insurance carrier who may owe benefits to Steinhauser for the Accident.

18.     Upon information and belief, the amount of damages alleged in the Liability Suit exceed the combined limits of all insurance which may provide liability or underinsured motorists coverage for the Accident.

19.     Travelers disputes its obligation to pay the benefits sought by the Estate in the Liability Suit and seeks a declaration that it has no coverage obligation under the Travelers Policy for the Accident.

C.  **The Travelers Policy**

21.     Travelers issued Business Auto Policy No. 810-6N504288 to "Spivey Rentals Incorporated" as a Named Insured (the "Policy"). The Policy was effective from June 1, 2019 to June 1, 2020.

22.     The Policy provides Uninsured Motorists coverage up to a "Bodily Injury" and "Property Damage" Combined Single Limit of $1,000,000.

23.     The Policy was delivered to Spivey in Virginia.

24.     The Policy contains an Uninsured Motorists (Virginia) endorsement (CA 21 21 11 02), which provides:

### A. Words and Phrases with Special Meaning

\*   \*   \*

8. "Insured" means any person or organization qualifying as an insured in the Who is An Insured section of this endorsement, including the personal representative of any insured…

\*   \*   \*

11. "Occupying" means in, upon, using, getting in, on, out of, or off.

\*   \*   \*

### B. We Will Pay

"We" will pay, in accordance with the Virginia Uninsured Motorists Law, all sums the "insured" is legally entitled to recover as damages from the owner or operator of an "uninsured motor vehicle."

\*   \*   \*

### D. Who Is An Insured

1. You or any family member.

2. Anyone else "occupying" a "covered auto".

\*   \*   \*

## IV.   <u>Count I – Declaratory Judgment</u>

25.     An actual controversy exists between Travelers and the defendants concerning whether Travelers has a duty under the Policy to provide coverage for James Steinhauser, Jr.'s death in the Accident.

26.     Travelers seeks a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that:

(A)  Travelers owes no coverage obligation under the Policy because Steinhauser was not "occupying" a "covered auto" at the time of the Accident and therefore was not an "insured" entitled to recover underinsured motorists benefits under the Policy; and

(B) Travelers owes no coverage obligation under the Policy or Travelers' coverage obligations under the Policy are limited to the extent that other provisions or exclusions of the Policy apply to limit or bar coverage for the Accident.

WHEREFORE, Travelers respectfully requests that this Court:

1.     Declare that Travelers has no coverage obligation under the Policy to the Estate of James Steinhauser, Jr. with respect to the Accident or for any related claims under the Policy or otherwise;

2.     Award such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT**

**By:** /s/ John B. Mumford, Jr.
                              **Counsel**

John B. Mumford, Jr. (VSB No.: 38764)
Andrew S. Willis (VSB No.: 84618)
Hancock, Daniel & Johnson, P.C.
4701 Cox Road, Suite 400
Glen Allen, VA 23060
jmumford@hancockdaniel.com
awillis@hancockdaniel.com
Telephone: (804) 967-9604
Facsimile: (804) 967-9888
*Counsel for The Travelers Indemnity Company
Of Connecticut*